NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAMKRISHNA S. TARE, ) | |
| ) | |
| Appellant, ) | Civ. Action No. 08-01109 (FSH) |
| ) | |
| v. ) | **OPINION** |
| ) | |
| BANK OF AMERICA and ) | September 19, 2008 |
| GARY N. MARKS, ) | |
| ) | |
| Appellees. ) | |

**HOCHBERG, District Judge**

This matter is before the Court on Apellant Ramkrishna Tare's ("Tare") *pro se* appeal from an order denying Appellant's motion for miscellaneous relief including recusal of Bankruptcy Judge Rosemary Gambardella in the Chapter 11 bankruptcy case of WebSci Technologies, Inc. ("WebSci"), Mr. Tare's former company. This Court has considered the parties' written submissions pursuant to Federal Rule of Civil Procedure 78.

**I.     Factual and Procedural Background**

Appellant was the president-CEO and sole shareholder of WebSci Technologies Inc. ("WebSci"), a New Jersey Subchapter S corporation which provided technology consulting services. In July, 2002, WebSci filed for Chapter 11 bankruptcy and Mr. Tare filed for personal

bankruptcy under Chapter 7.[1]  The Honorable Rosemary Gambardella, United States Bankruptcy Judge for the District of New Jersey presided over both of these matters.  Gary N. Marks was appointed as Chapter 11 Trustee for WebSci and was approved by the Court in September, 2002.  Counsel for the WebSci estate moved to remove Marks as Chapter 11 Trustee on or about October 28, 2002, alleging conflicts of interest, misconduct, breach of fiduciary duty and other complaints, and was joined in that motion by Mr. Tare.  The motion was denied by Judge Gambardella.  Mr. Tare appealed that decision, which was affirmed by the United States District Court and the Third Circuit.

As part of the continuing WebSci bankruptcy proceedings, a motion was filed on behalf of Trustee Marks on April 8, 2003 to assume, sell and assign the debtor's master consulting contract with AT&T, along with an order to be heard on shortened time.  Counsel for WebSci filed a motion to prohibit the sale of the AT&T contract, and Mr. Tare subsequently filed a motion on his own behalf in opposition to the sale of the contract.  On the date of the scheduled hearing on the motion (April 22, 2003), Judge Gambardella held a brief *in-camera* conference with the attorneys for Trustee Marks, counsel for Fleet Bank (the predecessor-in-interest to the Bank of America) and the United States Trustee.  Mr. Tare was not present.  The court informed gathered counsel of her small stock interest in AT&T consisting of 30 shares of common stock and stated that she would recuse herself from the proceedings at hand which involved AT&T.  The motion was assigned to, and heard by, the Honorable Novalyn L. Winfield, United States

---

[1] For a more complete factual history of the WebSci bankruptcy proceedings, see *Per Curiam* opinion of the Third Circuit, In re Websci Technologies, Inc., No. 03-05444, (3d Cir. May 16, 2007), available at In re Websci Technologies, Inc., Civ. No. 02-38258, Docket Entry No. 657.

Bankruptcy Judge for the District of New Jersey, and subsequent adversary complaints filed against AT&T by Trustee Marks were heard by the Honorable Morris L. Stern.

The successful bidder on the AT&T contract, entered by order of Judge Winfield, was ADEA Solutions. On November 13, 2003, Trustee Marks filed an adversary complaint against ADEA Solutions.  As AT&T was not a direct party to that proceeding, Judge Gambardella presided over the matter and the court entered a default judgment in that adversary proceeding. The matter was closed on February 25, 2004.

In July, 2003, Trustee Marks filed an application under Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking approval of a global settlement of controversy.  After conducting hearings, the Bankruptcy Court entered an order approving the stipulation of settlement between Mr. Marks and Fleet Bank.  The Court also entered an order confirming an amended plan of liquidation.  Mr. Tare appealed these decisions, among others, which were affirmed by Judge Walls (by Order dated December 21, 2005 - See Civ. No. 02-38258, Docket Entry No. 621), and subsequently by the Third Circuit (*Per Curiam* Opinion, dated May 16, 2007 - See Docket Entry No. 657).

On July 22, 2004, Mr. Tare filed a motion seeking recusal of Judge Gambardella from the WebSci bankruptcy proceedings, accusing the Judge of having a role in racketeering acts, bias, favoritism towards trustees and docket tampering, among other things.  See Docket Entry No. 513.  The court conducted a hearing on the motion on August 18, 2004, and issued an oral decision denying the recusal motion.  A written order denying that motion was entered on September 1, 2004.

On December 18, 2006, the Appellant sent a letter addressed to Chief Judge Brown of the

3

United States District Court for the District of New Jersey, Chief Judge Wizmur of the United States Bankruptcy Court for the District of New Jersey, and Christopher Christie, the United States Attorney for the District of New Jersey, requesting that Judge Gambardella be reassigned from the WebSci bankruptcy proceedings.  Chief Judge Wizmur responded to Mr. Tare by letter dated January 3, 2007, informing him that a motion seeking the recusal of a bankruptcy judge is committed in the first instance to the discretion of that judge.  See Transcript of Decision of Bankruptcy Court, dated September 6, 2007 ("Tr. of 9/6/07 Decision"), at 14.

On January 22, 2007, Mr. Tare filed a brief entitled Motion in the Main Case Seeking Miscellaneous Relief Including Relief Based Upon Judge Gambardella's Violation of 28 U.S.C. § 455 and Reply in Pending Adversary Proceeding 02-3794-RG (hereinafter "Miscellaneous Motion"), which forms the basis of the present appeal.  By his Miscellaneous Motion, Mr. Tare argued that Judge Gambardella's equity interest in certain creditors of the estate constituted a financial interest in the matter that mandated recusal under 28 U.S.C. § 455.  Mr. Tare noted that the Judge had recused herself from presiding over the AT&T contract proceedings due to her stock ownership and argued that the Judge's other stock holdings (especially in Verizon) required her to recuse herself from the case in its entirety.  Tare also argued that the Court should be held liable for not referring the Trustee Marks or his counsel to the United States Attorney's Office.

After a number of adjournments granted at the Appellant's request, and a variety of other filings and letters sent by Mr. Tare to several judges in this district, Judge Gambardella denied the Miscellaneous Motion in a comprehensive oral decision on September 6, 2007.  Mr. Tare filed a motion for reconsideration of this decision, and the Bankruptcy Court conducted a final hearing on November 27, 2007, after which it denied the motion.  Mr. Tare timely appealed to

this court.

In the instant appeal, Mr. Tare seeks the purportedly "very limited" relief of a mandatory recusal of Judge Gambardella from the WebSci bankruptcy, a *de novo* review of all facts in the WebSci bankruptcy and "reversal of all payments, releases, exculpations, and settlements granted to Bank of America, the trustee, and their counsels and/or law firms." Tare Brief at 2.

## II.  Legal Standard

This court has appellate jurisdiction over this action under 28 U.S.C. §158(a).[2]  The district court reviews the "bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof."  Reconstituted Comm. of Unsecured Creditors of the United Healthcare Sys., Inc., v. State of N.J. Dept. of Labor, 396 F.3d 247, 249 (3d Cir. 2005) (internal quotations and citations omitted).  Review of a judge's decision to decline to recuse herself is governed by the abuse of discretion standard.  In re Kensington Intern. Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004).

Appellant bases his appeal on the recusal standard set forth in 28 U.S.C. §455.  The statute provides, in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

---

[2] Appellees have argued that the present action should be barred as *res judicata*, and that Appellant's Miscellaneous Motion represents a collateral attack on the Bankruptcy Court's final judgment denying Mr. Tare's initial Recusal Motion of July 22, 2004.  The Court notes that Appellee Bank of America raised the *res judicata* and collateral attack arguments for the first time in the instant appeal.  See Beliskus v. Pizzingrilli, 343 F.3d 632, 645 (3d Cir. 2003) (noting that failure to raise an issue in district court constitutes waiver of the argument on appeal).

5

> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party ...
>> (4) He knows that he, individually or as a fiduciary, ... has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.

28 U.S.C. § 455. Rule 5004(a) of the Federal Rules of Bankruptcy Procedure provides that the disqualification of a "bankruptcy judge shall by governed by 28 U.S.C. § 455." The advisory committee notes to Rule 5004 point out the possibility that "the disqualifying circumstance will be isolated to an adversary proceeding or contested matter." Fed. R. Bankr. P. 5004 (a) advisory committee's note. "The rule makes it clear that when the disqualifying circumstance is limited in that way the judge need only disqualify himself from presiding over that adversary proceeding or contested matter." Id.

The Third Circuit has defined the test for recusal under §455(a) as "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington, 368 F.3d at 296. This standard is to be judged from the perspective of an objective, reasonable layperson; not someone who is necessarily familiar with bankruptcy litigation. Id. at 303.

Similarly, to prevail under Section 455(b)(1), the movant must present facts that are sufficiently definite and particular to convince a reasonable person that bias exists. Dembowski v. New Jersey Transit Rail Operations, 221 F.Supp.2d 504, 511 (D.N.J. 2002). Conclusory allegations of bias, opinions and rumors are insufficient. Id.

Section 455(d)(4) defines the financial interest prohibited by Section 455(b)(1) as "ownership of a legal or equitable interest, however small, ... in the affairs of a party" or in the subject matter in controversy. 28 U.S.C. § 455(d)(4). The Supreme Court has noted that

6

455(b)(4) requires disqualification "no matter how insubstantial the financial interest and regardless of whether or not the interest actually creates the appearance of impropriety." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 n.8 (1988). However, the financial interest in the subject matter in controversy must be direct, rather than speculative or remote. In re Placid Oil Co., 802 F.2d 783, 787-88 (5th Cir. 1986).

### III. Analysis

Appellant's principal claim is that Judge Gambardella should have recused herself from the entire WebSci bankruptcy proceeding based on her stock holdings in several unsecured creditors of the WebSci estate including AT&T and Verizon, Lucent Technology, Vodaphone and PSE&G. While section 455(b)(4) requires recusal when a judge has any financial interest in a party to a proceeding, viewed properly, none of these companies was ever a party to a proceeding before Judge Gambardella. This court finds instructive the reasoning of the Internal Operating Procedures for the Third Circuit, which specifically note that "a small percentage of the outstanding shares of a publicly traded corporation that is listed as a creditor of the bankrupt who is a party to the lawsuit is not a "financial interest" in the subject matter of controversy unless the judge has an interest that can be substantially affected by the outcome of the proceeding[.]" See Moody v. Simmons, 858 F.2d 137, 142 n.8 (3d Cir. 1988) (quoting Procedures). Because, as Judge Gambardella found, her minimal stockholdings in non-parties could not be affected by the outcome of the Websci bankruptcy proceedings as a whole, Appellant's demand for recusal is unpersuasive.

    A.    **Appellant's Section 455(b)(4) Claim**

7

Mr. Tare argues at length that the recusal statute, and specifically Section 455(b)(4) requires recusal when there is "a financial interest, no matter how small, ... of stock holdings in parties to the proceeding." Tare Brief at 18. While Appellant correctly relates the statutory language and states that judges bear the principal burden of compliance with the section, see id., he overlooks the 'subject matter in controversy' requirement contained in the statute. See 28 U.S.C. § 455(b)(4). It is undisputed that Judge Gambardella recused herself from the proceedings relating to the sale of the AT&T contract because of her minimal stock ownership in AT&T. See Tr. of 9/6/07 Decision at 10-11. As noted above, Rule 5004(a) of the Federal Rules of Bankruptcy Procedure expressly contemplates the situation where a disqualifying interest is limited to a specific adversary proceeding or contested matter. Fed R. Bankr. P. 5004(a). In no other specific motion or hearing was any of the large public corporations in which Judge Gambardella holds stock in issue. Indeed, it is not even clear that Judge Gambardella was required to recuse herself from the sale of the AT&T contract, as even this matter could be seen to indirectly involve AT&T - the issue was merely a contract for services to that company, and AT&T was not a party to those proceedings. The Judge recused herself from that specific matter out of an abundance of caution.[3]

While it is true that Verizon was a general unsecured creditor of the WebSci estate, with a an unsecured claim of $250.36, see Tr. of 9/6/07 Decision at 37, that claim was never the subject of a specific adversary proceeding, nor was Verizon a party to any specific contested matter.

---

[3]The Court offers no ultimate opinion as to whether Judge Gambardella's recusal from the proceedings relating to the sale of the AT&T contract was, in fact, necessary. It is sufficient to note that the Judge's stock holding was at least arguably related to the subject matter of the contract sale proceedings, and the Judge did not abuse her discretion in recusing herself from the matter.

Appellant argues that Verizon should be seen as a party to the entire 'contested matter' of the WebSci bankruptcy case.  However, the limited nature of the claim and the overall context of a bankruptcy proceeding under the Federal Rules belies this assertion.  In the advisory committee notes to Rule 5004(a), Congress evinced an appreciation for the nature of a bankruptcy case, which necessarily aggregates separate proceedings, and involves the rights of separate creditors or groups.  By providing the possibility of recusal from a portion of the bankruptcy proceeding, the Rule suggests that such an interest requires recusal only when it is the subject of a *specific matter in controversy*, and not a general unsecured claim.

      The Internal Operating Procedures for the Third Circuit specifically contemplate the situation at bar in Chapter 11.B.1.(d)(vi), stating that "[o]wnership of a small percentage of the outstanding shares of a publicly traded corporation that is listed as a creditor of the bankrupt who is a party to the lawsuit is not a "financial interest" in the subject matter in controversy or in a party to the proceeding unless the judge has an interest that can be substantially affected by the outcome of the proceeding[.]"  See United States Court of Appeals for the Third Circuit, Internal Operating Procedures, Chapter 11.B.1.(d)(vi).  While not legally binding, the Internal Operating Procedures persuasively reason that the given situation did not require recusal of Judge Gambardella unless her interest could be substantially affected by the proceeding.

      The Appellant does not even allege that the Judge's minimal financial interest in Verizon could have been substantially affected by the Rule 9019 Settlement or the bankruptcy plan's effect on Verizon's claim (which was reduced to zero in the settlement).  Nor could such a claim withstand scrutiny.  The trustee's reduction of a $421.07 claim (even to zero and within the context of a liquidation plan) could not reasonably be viewed as substantially affecting the stock

holdings of a large publicly-traded corporation.  A reasonable person reviewing this record could not question this conclusion.

        B.        **Appellant's Allegations of Bias Under Section 455(b)(1)**

Mr. Tare has alleged a number of actions on the part of Judge Gambardella which he claims demonstrate bias and prejudice against him.  As mentioned, conclusory allegations of bias are insufficient under the statute.  See Dembowski, 221 F.Supp.2d at 511.  To be disqualifying, the alleged bias generally must stem from an extrajudicial source, other than facts and opinions gleaned during the course of judicial proceedings.  United States v Grinnell Corp., 384 U.S. 563, 583 (1966).  As the Supreme Court has explained, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  Liteky v. U.S., 510 U.S. 540, 555 (1994).  Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings do not constitute a basis for bias unless they display a "deep-seated favoritism or antagonism that would make fair judgment impossible."  Id.

Any reasonable person reviewing the record in this case could discern no such deep-seated antagonism towards Mr. Tare, nor an extra-judicial source of bias.  Mr. Tare alleges that the Bankruptcy Court has tampered with the court docket and failed to post certain important documents.  There is no factual support in the record for this contention.  Mr. Tare alleges that the Trustee Marks withheld estate funds, deposited moneys in unrelated accounts and violated a court order.  However, there is no proof offered to show the validity of these allegations.  Judge Gambardella held hearings to decide these factual matters and nothing suggests clear error in those decisions.  Several of these issues were already raised and rejected in previous appeals, and it is not proper for Mr. Tare to re-litigate them under the cloak of an allegation of bias.

Mr. Tare's claims about the trustee's lawyer, Richard B. Honig "filing falsified affidavits in multiple bankruptcies" is not only unsupported by the record, but also does not appear to be relevant to the WebSci bankruptcy proceeding at all.  See Tare Brief at 14-15.  As to Judge Gambardella's financial disclosure forms, the Court was under no obligation to enter these on the WebSci docket.  Finally, as Judge Gambardella noted in her opinion below, the Judge is not personally responsible for the docketing of the parties' filings.  See Tr. of 9/6/07 Decision at 45.

Appellant complains of a consent order filed by an attorney for the Bank of America, which allegedly contained Mr. Tare's forged signature.  Far from evidencing bias by the Judge, the Court apparently raised this issue with counsel and amended the consent order by striking the disputed portion from the record.  See Docket Entry No. 221.

Mr. Tare's complaints about Judge Gambardella's allegedly arbitrary restraints upon his attorney Raymond Wong are similarly inapposite, as it appears that Mr. Wong, Trustee Gary Marks, and attorneys for Fleet Bank all entered into a voluntary settlement imposing the challenged restraints on Mr. Wong.  There is no reason to believe that Mr. Wong entered into that agreement with anything but full consent and understanding of its implications.  Mr. Tare also alleges that the court called security guards into the courtroom to instill fear in Appellant and chill his First Amendment rights.  A review of the record reveals no objective proof of such a claim.  In the September 6, 2007 Opinion, Judge Gambardella noted that the Court had taken no steps to direct security personnel to engage in any acts of intimidation and further that the Court had not observed any improper action by courtroom security.  Tr. of 9/6/07 Decision at 45. There is no reason to believe there was any error in this factual finding.

Mr. Tare has alleged that Judge Gambardella is involved in a criminal conspiracy together

with Trustee Marks to steal the assets of the WebSci estate.  He also claims that the Bankruptcy Judge has engaged in favoritism towards certain litigants in order to gain promotions and awards.  Appellant lacks any documentary proof of these assertions.  This Court has also been alerted to and reviewed multiple letters which the Appellant has sent to Judge Gambardella as well as various public officials and judges within this District, wherein Mr. Tare has made a number of offensive comments and vague threats directed at Judge Gambardella.  Without delving into the substance of these correspondence, the Court notes that based on these letters, Chief Judge Brown, in an opinion dated August 1, 2008, has withdrawn the reference to the bankruptcy court in this matter, and ordered Mr. Tare to show cause as to why he should not be held in criminal contempt of court for his actions.  See Civ. No. 02-38258,  Docket Entry No. 703.

     Finally, Mr. Tare argues at length that Judge Gambardella concealed her stock ownership from the parties and that this concealment betrays a bias against Appellant and in favor of the creditors.  Judges bear the principal burden of compliance with Section 455(b)(4) and it is expected that judges will disqualify themselves under this Section without a formal motion.  Chase Manhattan Bank v. Affiliated FM Ins. Co., 343 F.3d 120, 130-31 (2d Cir. 2003).  However, as explained *supra*, Judge Gambardella was correct in declining to recuse herself from the entire WebSci bankruptcy proceeding based on her minimal stockholdings in an unsecured creditor of the estate.  Indeed, there is precedent in this Circuit (and beyond) stating that a judge has an affirmative duty to retain a case when a movant fails to establish reasonable doubt as to the judges impartiality.  See Grand Entertainment Group, Ltd. v. Arazy, 676 F.Supp 616, 619 (E.D. Pa. 1987); In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it

is."). It is worth noting that Judge Gambardella did not conceal her stock holdings at all; to the contrary, she recused herself from the one proceeding where her financial interest was arguably related to the subject matter in controversy. Far from inconsistently applying the recusal standard as Appellant contends, the Judge correctly applied the standard to an isolated adversary proceeding, and retained jurisdiction over the larger bankruptcy case.

   C.  Appellant's Section 455(a) Claim

Section 455(a) is the catch-all provision of the recusal statute, designed to require a judge's recusal whenever her impartiality might reasonably be questioned. The record in this case reflects that Judge Gambardella's stock ownership in unsecured creditors of the WebSci estate was very small, and was never the subject matter in controversy of a specific contested matter before Judge Gambardella. The outcome of reducing or even expunging the claims of these creditors - in Verizon's case, an unsecured claim of $250.36 - could not reasonably be seen to affect the value of the Judge's stockholdings. In all of the matters coming before her, Judge Gambardella conducted proceedings with the utmost attention and care and explained each decision concerning the estate in detail.

The WebSci bankruptcy case has been open for over six years, and the Appellant has tested the sufficiency of the Bankruptcy Judge's rulings time and time again. Mr. Tare has filed no less than seven Notices of Appeal in this case (including the instant appeal, see Civ. No. 02-38258), and his substantive appeals have been decided by both the judges of this District and those of the Third Circuit Court of Appeals. In each case, the opinions and orders of Judge Gambardella have been affirmed. See Judge Walls' Order dated December 21, 2005 (Docket Entry No. 619); Third Circuit *Per Curiam* Opinion dated May 16, 2007 (Docket Entry No. 657).

It is worth noting that the United States Trustee, a party to these proceedings by statute with an affirmative obligation to review the trustee's regular operating reports, never once questioned Trustee Marks' filings or the Bankruptcy Judge's partiality.

This court finds that Judge Gambardella has thoroughly explained the case history, the applicable law, the facts as founded upon the evidence, and the conclusions of law resulting therefrom, and has displayed no deeply seated bias nor antagonism. The Judge did not abuse her discretion in declining to recuse herself from the entire Websci Bankruptcy proceedings.

### IV.  Conclusion

For the foregoing reasons, the judgment of the bankruptcy court is **AFFIRMED**, and Appellant's motion is **DENIED**.  An appropriate order will issue.


/s/   Faith S. Hochberg
**HON. FAITH S. HOCHBERG, U.S.D.J.**